IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **JVAREUS PRATT**<br>    *Plaintiff*,<br><br>v.<br><br>**KELVIN MILLER, in his individual capacity, and**<br>**TERRANCE GARDNER, in his individual capacity,**<br>    *Defendants*. | § § § § § § § § § § § CIVIL ACTION NO. 6:19-cv-00248 |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, JVAREUS PRATT, Plaintiff, complaining of KELVIN MILLER, in his individual capacity, and TERRANCE GARDNER, in his individual capacity and for cause of action will respectfully show unto the Court as follows:

## I.
## PARTIES

1. Plaintiff Jvareus Pratt is a resident of Bell County.

2. Defendant Kelvin Miller is an individual residing in Killeen, Bell County, Texas. Defendant Miller is being sued in his individual capacity and may be served at 1320 Wales Dr., Apt. 405, Killeen, Texas 76549, or wherever he may be found.

3. Defendant Terrance Gardner is an individual residing in Killeen, Bell County, Texas. Defendant Gardner is being sued in his individual capacity and may be served at 2601 Marlin Dr., Killeen, Texas 76543, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

5. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 because the Defendants are domiciled and/or resides in the Western District of Texas, and all or a substantial part of the cause of action accrued in the Western District.

## III.
## FACTS AND ALLEGATIONS

6. At all times relevant hereto, Mr. Pratt was an inmate in the Bell County Jail and was under the custody and control of Defendants Miller, Gardner, and Bell County.

7. On March 14, 2019, Mr. Pratt was in a cell in the Bell County Jail.

8. At approximately 3:45 a.m., jail deputies responded to Mr. Pratt's cell.

9. Mr. Pratt had barricaded himself inside of his cell by covering his window with clothing and linen from his bed.

10. Jail deputies attempted to restrain and move Mr. Pratt to a padded and videotaped jail cell.

11. When the jail deputies opened Mr. Pratt's cell door, he ran down the corridor and was eventually caught.

12. Sergeant Minter deployed a taser hitting Mr. Pratt.

13. Mr. Pratt was then immediately subdued and handcuffed.

14. Mr. Pratt's hands were handcuffed behind his back.

15. Mr. Pratt was moved to a padded and videotaped cell.

16. Defendant Gardner and Deputy Candem escorted Mr. Pratt into the new cell.

17. Deputies placed Mr. Pratt on the ground with his hand clearly handcuffed behind his back, leaving his head, stomach, and torso area exposed and defenseless.

18. Defendant Gardner and Deputy Candem attempted to turn Mr. Pratt onto his stomach, which caused his head and upper body to move towards the opened door of the cell.

19. Defendant Miller then entered the cell and kicked the handcuffed and prone Mr. Pratt with his right foot in the head.

20. Defendant Miller then pounced on the handcuffed and prone Mr. Pratt and struck him in the head and neck with a closed fist.

21. Deputy Johnson had to stop Defendant Miller's punching of Mr. Pratt.

22. While Defendant Miller was punching Mr. Pratt in the head and neck, Defendant Gardner punched Mr. Pratt with a closed fist in the torso at least six or seven times.

23. Deputy Johnson had to try to stop Defendant Gardner's repeated punching of Mr. Pratt.

24. As a result of the vicious beating by Defendants Miller and Gardner, Mr. Pratt suffered injuries to his face, ear, shoulder, arm, wrists, torso, knee, and back.

25. The amount of force used on Mr. Pratt violated his rights against unreasonable seizures under the Fourth Amendment of the United States Constitution.

26. The Defendants were at all times acting under the color of law.

## IV.
## CAUSES OF ACTION

**Count One
Excessive Force – Defendant Miller
Under the Fourth and Fourteenth Amendments
(42 U.S.C § 1983)**

27. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

28. Acting under the color of law, Defendant Miller deprived Mr. Pratt of the rights and privileges secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States to be free from illegal and unreasonable seizures by the use of force. Mr. Pratt brings this cause of action pursuant to 42 U.S.C. § 1983.

29. The amount of force used by Defendant Miller against Mr. Pratt as described above, specifically but not limited to, when Defendant Miller repeatedly kicked and punched Plaintiff in the head and neck while Plaintiff was on the ground restrained in handcuffs with his hands behind his back leaving his head, stomach, and torso exposed and defenseless.

30. A seizure is unreasonable if it results in (a) an injury, (b) that resulted directly and only from a use of force that was clearly excessive, and (c) the excessiveness was clearly unreasonable.

31. A reasonable officer would know that the use of force is clearly excessive when engaging with suspects such as Mr. Pratt who was non-threatening, unarmed, not attempting to flee, on the ground, handcuffed with his hands behind his back, had his head, stomach, and torso exposed, and was completely defenseless.

32. A reasonable officer would know that the use of force is clearly unreasonable when engaging with suspects such as Mr. Pratt who was non-threatening, unarmed, not attempting to flee, on the ground, handcuffed with his hands behind his back, had his head, stomach, and torso exposed, and was completely defenseless.

33. A reasonable officer would know that repeatedly kicking and punching the head and neck of someone who was non-threatening, unarmed, not attempting to flee, on the ground, handcuffed with his hands behind his back, had his head, stomach, and torso exposed, and was completely defenseless is clearly unreasonable and excessive.

34. As a direct result of the force used against him by Defendant Miller, Mr. Pratt has suffered physical injury, pain and mental anguish for which he sues herein. These injuries were not caused by any other means.

## Count Two
## Excessive Force – Defendant Gardner
## Under the Fourth and Fourteenth Amendments
## (42 U.S.C § 1983)

35. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

36. Acting under the color of law, Defendant Gardner deprived Mr. Pratt of the rights and privileges secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States to be free from illegal and unreasonable seizures by the use of force. Mr. Pratt brings this cause of action pursuant to 42 U.S.C. § 1983.

37. The amount of force used by Defendant Gardner against Mr. Pratt as described above, specifically but not limited to, when Defendant Gardner repeatedly punched Mr. Pratt in the torso while Plaintiff was on the ground restrained in handcuffs

with his hands behind his back leaving his head, stomach, and torso exposed and defenseless.

38. A seizure is unreasonable if it results in (a) an injury, (b) that resulted directly and only from a use of force that was clearly excessive, and (c) the excessiveness was clearly unreasonable.

39. A reasonable officer would know that the use of force is clearly excessive when engaging with suspects such as Mr. Pratt who was non-threatening, unarmed, not attempting to flee, on the ground, handcuffed with his hands behind his back, had his head, stomach, and torso exposed, and was completely defenseless.

40. A reasonable officer would know that the use of force is clearly unreasonable when engaging with suspects such as Mr. Pratt who was non-threatening, unarmed, not attempting to flee, on the ground, handcuffed with his hands behind his back, had his head, stomach, and torso exposed, and was completely defenseless.

41. A reasonable officer would know that repeatedly punching the torso of someone six or seven times who was non-threatening, unarmed, not attempting to flee, on the ground, handcuffed with his hands behind his back, had his head, stomach, and torso exposed, and was completely defenseless is clearly unreasonable and excessive.

42. As a direct result of the force used against him by Defendant Gardner, Mr. Pratt has suffered physical injury, pain and mental anguish for which he sues herein. These injuries were not caused by any other means.

## V.
## Qualified Immunity

43. It is anticipated the individual Defendants will raise, or attempt to raise, a defense of qualified immunity. In this regard, Plaintiff pleads that it was well-established

law, well before March 14, 2019, that every citizen of the United States has a clearly defined constitutional right to be free from an unlawful seizure by law enforcement officials in accordance with the Fourth Amendment to the United States Constitution, as applied to the several States through the Fourteenth Amendment, and to be free from unlawful excessive force.

44. No reasonable law enforcement official would have acted as Defendants did under these circumstances, by repeatedly kicking and punching Plaintiff in the head, neck, and torso while Plaintiff was unarmed, non-threatening, and not fleeing as he was on the ground restrained in handcuffs with his hands behind his back leaving his head, stomach, and torso exposed and defenseless.

45. Defendants are not entitled to qualified immunity because no reasonable officer would have repeatedly kicked and punched Plaintiff in the head, neck, and torso while Plaintiff was on the ground restrained in handcuffs with his hands behind his back leaving his head, stomach, and torso exposed and defenseless, since Plaintiff was not threatening anyone or even capable of harming anyone.

46. Defendant is not entitled to qualified immunity because it is clearly established that an officer may not repeatedly kick and punch a person in the head, neck, and torso while that person is on the ground restrained in handcuffs with his hands behind his back leaving his head, stomach, and torso exposed and defenseless, and that person is unarmed, non-threatening, and not fleeing.

47. The use of force was grossly excessive, unreasonable, and unwarranted. The Defendants are not, therefore, entitled to the protection of qualified immunity for their actions.

## VI.
## Exemplary Damages

48. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

49. When viewed objectively from the standpoint of Defendants, at the time of the occurrence, said Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

50. As a direct, proximate, and producing cause and the intentional, egregious, malicious conduct by the Defendants, Plaintiff is entitled to recover exemplary damages in an amount within the jurisdictional limits of this Court.

## VII.
## Damages

51. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

52. Plaintiff's injuries were a foreseeable event, which were directly and proximately caused by Defendants' use of excessive and unreasonable force against Plaintiff. As a result, Plaintiff is entitled to recover all actual damages allowed by law. The Defendants' conduct constitutes malice, evil intent, or reckless or callous indifference to Plaintiff's constitutionally protected rights. Thus, Plaintiff is entitled to punitive damages.

53. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer:

    a. Significant physical injuries;

    b. Physical pain and suffering in the past and future;

    c. Physical Impairment in the past and future;

  d.  Emotional distress, torment, and mental anguish in the past and future; and

  f.  Medical Expenses.

54. Pursuant to 42 U.S.C. § 1983 and § 1988, and Texas Civil Practice & Remedies Code section 41.003(a), Plaintiff seeks to recover, and hereby requests the award of exemplary damages, reasonable attorney's fees, and costs of court.

## VIII.
## Attorneys' Fees

55. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## IX.
## Jury Request

56. Plaintiff respectfully requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendant, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff prays for all relief, legal and equitable, to which he is justly entitled.

    Respectfully submitted,

    /s/ Scott H. Palmer
    SCOTT H. PALMER
    State Bar No. 00797196
    JAMES P. ROBERTS
    State Bar No. 24105721

    SCOTT H. PALMER, P.C.
    15455 Dallas Parkway,
    Suite 540, LB 32
    Dallas, Texas 75001
    Tel: (214) 987-4100
    Fax: (214) 922-9900

scott@scottpalmerlaw.com
james@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF